# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **HUSAM ALDIM MATHEWS,**  *Plaintiff,*  v.  **WALMART, INC.,**  *Defendant.* | **CIVIL ACTION NO.**  **5:22-cv-00397-TES** |

## ORDER DENYING MOTION TO COMPEL

Before the Court is a second Motion to Compel [Doc. 27] filed by Plaintiff Husam Aldim Mathews against Defendant Walmart, Inc. *See also* [Doc. 14]. Relying on Federal Rule of Civil Procedure 37(a), Plaintiff seeks an order compelling "the defense attorney for Walmart . . . to answer the interrogat[ories] and produce the documents that have been requested during discovery." [Doc. 27, p. 1 (citing Fed. R. Civ. P. 37)]. While several objections have been made by Walmart with respect to Plaintiff's discovery requests, it has, where appropriate, responded to a substantial portion of them. Therefore, after consideration of Plaintiff's motion, the arguments made by Walmart in its Response [Doc. 29], and the accompanying documents, the Court **DENIES** Plaintiff's Motion to Compel [Doc. 27].

As an initial matter, Plaintiff's requests that seek to obtain personnel records about whether "any member of the defending party" has a record of workplace "racial

discrimination," "retaliati[on]," "sexual harassment," "targeting," "bullying," "wrongful" (wrongful what?), or similar conduct are simply overbroad. *See, e.g.*, [Doc. 27-3, pp. 2–4]; *see also* [Doc. 27-3, p. 4 (Plaintiff's interrogatory asking whether "any member of the defending party have a record of Wrongful?")]. In an effort to make his requests less broad, Plaintiff states that Walmart can limit the scope of these personnel records to the southeastern region. [Doc. 27-1, p. 1]. That limitation, though, doesn't cure the overly broad nature of Plaintiff's requests.

Next, Plaintiff states that he "requested that Walmart show the reason of Damon Reeves' separation." [Doc. 27, p. 2]. From the limited documents currently on the record, it appears that Plaintiff lodged several discrimination-based complaints against in-store manager Damon Reeves who—according to Plaintiff—"was violating employees' equal employment opportunity . . . rights in the workplace." [Doc. 27-3, p. 7]. Although Plaintiff clearly stated why he believed Damon Reeves' separation is relevant—that the reason Walmart terminated Damon Reeves' may show "Walmart's incompetence at hiring managers who obey federal labor laws," Walmart confirms that it has already discussed the issues surrounding Damon Reeves' separation with Plaintiff. [Doc. 27, p. 2]; [Doc. 29, p. 6]; *see also* [Doc. 27-2, p. 7]. Without providing any legal basis to support his contention that he is entitled to Damon Reeves' separation documents, Plaintiff's motion does not meet the minimal standard necessary for involving the Court in the discovery process. *See Dehaan v. Urology Ctr. of Columbus LLC*,

2

No. 4:12-CV-6 (CDL), 2013 WL 656061, at *3 (M.D. Ga. Feb. 21, 2013). Plaintiff's conclusory allegations that Walmart "has failed to comply with its discovery obligations do not provide the Court with adequate information upon which the Court can make a determination as to whether a party should be compelled to do more than the party has already done." *Id.* at *2; *see, e.g.*, [Doc. 27, pp. 1–2].

Next, Plaintiff argues that he is entitled to obtain information about whether another manager by the name of Damon Manning "has been written up for anything that could potentially lead to Walmart being sued." [Doc. 27, p. 2]. Again, Plaintiff fails to provide any legal basis for why he is entitled to documents pertaining to Damon Manning's general performance as a manager. *Dehaan*, 2013 WL 656061, at *3. According to the documents filed in connection with Plaintiff's motion, Walmart has already produced several documents related to both Damon Reeves and Damon Manning. [Doc. 29, p. 6]. Absent Plaintiff's ability to produce a legal basis explaining why he is entitled to more than what has already been provided, the Court will not interject itself into Plaintiff's discovery dispute against Walmart. *Dehaan*, 2013 WL 656061, at *3. Thus, for the reasons discussed above and for those discussed by Walmart in its Response, the Court **DENIES** Plaintiff's Motion to Compel [Doc. 27].

**SO ORDERED**, this 3rd day of January, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
