# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **HUSAM ALDIM MATHEWS,**  *Plaintiff,*  v.  **WALMART, INC.,**  *Defendant.* | **CIVIL ACTION NO.**  **5:22-cv-00397-TES** |

## ORDER

Before the Court are four motions filed by Plaintiff Husam Aldim Mathews. First, on January 9, 2024, Plaintiff filed another discovery-related motion. In short, Plaintiff is requesting the Court to compel Defendant Walmart, Inc., to answer his interrogatories without objecting to them. [Doc. 33, p. 1]. Throughout his latest Motion to Compel [Doc. 33], Plaintiff states that he has revised his interrogatories to clarify his meaning to Walmart. *See generally* [Doc. 33]. However, the extended discovery period in this case ended on December 1, 2023. *See* [Doc. 8, p. 2], *in connection with* [Doc. 19, p. 3]. Not only that, but Plaintiff's issues regarding his apparent dissatisfaction with Walmart's responses to his interrogatories have been addressed by both Walmart and the Court multiple times. [Doc. 19, pp. 2–3]; [Doc. 25]; [Doc. 32]. Given that the parties' dispositive motions are due by February 9, 2024, the Court will not further extend discovery in this case. [Doc. 31]. Therefore, the Court **DENIES** Plaintiff's Motion to

Compel [Doc. 33].

Next, on January 16, 2024, Plaintiff filed a Motion for Jury Trial [Doc. 34]. In it, he states, "This is a motion for trial by jury to determine the outcome for Walmart's retaliation against the plaintiff." [Doc. 34, p. 2]. Not only does Plaintiff make a demand for a jury trial in his Complaint [Doc. 1], but the Court has already informed him that, if necessary, it "will conduct a trial . . . after it rules on any dispositive motions." [Doc. 17]; [Doc. 1, p. 1]. Again though, if Walmart's dispositive motion is due to be granted, such a ruling would "obviate the need for a trial." [Doc. 17]. As previously mentioned, the parties' dispositive motions are not due until February 9, 2024. [Doc. 31]. Thus, Plaintiff's Motion for Jury Trial [Doc. 34] is premature and not yet ripe, and it is **DENIED** as such. On that same basis, the Court also **DENIES** Plaintiff's additional Motion for Jury Trial [Doc. 36] filed on January 16, 2024. In this additional motion, Plaintiff argues that a jury should "determine how to resolve the dispute between" him and Walmart. [Doc. 36, p. 2]. Once more, a court-issued ruling on the parties' forthcoming dispositive motions must come first, and *only* if there is a genuine dispute as to any material fact that prevents the movant from judgment as a matter of law will a jury trial be held for this case. *See* Fed. R. Civ. P. 56(a).

Finally, since there is no evidence before the Court because the parties have yet to file their dispositive motions, Plaintiff's Motion to Strike Evidence [Doc. 35] pursuant to Federal Rule of Civil Procedure 12(f) is also **DENIED**. The Court notes, however, that

Rule 12(f) plainly states that courts "may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added); *see also* Fed. R. Civ. P. 7(a) (listing types of pleadings). Contrary to Plaintiff's assertion in his motion, Rule 12(f) is not a vehicle through which a court "can remove a party's . . . *evidence* from the record." [Doc. 35, p. 1 (emphasis added)]. Further, in his motion to strike, also filed on January 16, 2024, Plaintiff seems to be under the impression that his Notice of Right-to-Sue Letter [Doc. 1-2] from the Equal Employment Opportunity Commission gives him a trial by jury automatically. [Doc. 35, p. 4]. To the extent that is Plaintiff's contention, he is incorrect. The EEOC's website clearly states that a right-to-sue letter "gives [him] *permission* to file a lawsuit in federal or state court." *Filing a Lawsuit*, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/filing-lawsuit, (last visited Jan. 18, 2024). While the receipt of a right-to-sue letter is an all-important statutory prerequisite to commence a Title VII action against an employer, it is only that. *Fouche v. Jekyll Island-State Park Auth*, 713 F.2d 1518, 1524 (11th Cir. 1983) (quoting *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982)). The *right* to file a lawsuit against an employer does not automatically dispense with normal litigation practices and thrust the employee and his employer directly to trial.

For the above reasons, the Court **DENIES** Plaintiff's Motion to Compel [Doc. 33], his Motion for Jury Trial [Doc. 34], his Motion to Strike [Doc. 35], and his additional

Motion for Jury Trial [Doc. 36].

    **SO ORDERED**, this 18th day of January, 2024.

                                      *S/ Tilman E. Self, III*
                                      **TILMAN E. SELF, III, JUDGE**
                                      **UNITED STATES DISTRICT COURT**